IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JORGE RAVE, | § | |
| TDCJ-CID NO. 837973, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-06-1590 |
| | § | |
| UNKNOWN DEFENDANTS, | § | |
| Defendants. | § | |

OPINION ON DISMISSAL

Plaintiff instituted this suit on May 4, 2006, by filing a letter motion for a protective order, which he asked the Court to grant before he filed a civil rights complaint. (Docket Entries No.1, No.2). The Court took no action on plaintiff's motion because his complaint was deficient. On May 19, 2006, the Clerk notified plaintiff of the deficiencies and instructed him to correct them by completing a complaint form and submitting the form and a fee of $350.00 or an application to proceed *in forma pauperis* and a certified copy of his inmate trust fund account statement to the Clerk's office. (Docket Entry No.4). The Clerk cautioned plaintiff that if he failed to comply on time, the Court may dismiss his case for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (*Id.*). On June 30, 2006, the Court ordered plaintiff to show cause within twenty (20) days for his failure to respond to the Clerk's Notice of Deficient Pleading. (Docket Entry No.7).

The deadline to respond to the Court's show cause order and the Clerk's Notice of Deficient Pleading has expired and plaintiff has failed to comply. The Court's order specifically cautioned plaintiff that "his failure to comply will result in dismissal of this action." Plaintiff's failure to pursue this action forces the Court to conclude that he lacks due diligence. Therefore, under the inherent powers necessarily vested in a court to manage its own affairs, this Court determines that

dismissal for want of prosecution is appropriate.  *See* FED. R. CIV. P. 41(b); *Woodson v. Surgitek, Inc.,* 57 F.3d 1406, 1417 (5th Cir. 1995).  The plaintiff is advised, however, that upon a proper showing, relief from this order may be granted in accordance with Rule 60(b) of the Federal Rules of Civil Procedure.

Accordingly, it is ORDERED that this action be DISMISSED without prejudice for want of prosecution.  All pending motions, if any, are DENIED.

The Clerk will provide a copy of this Order to all parties.

SIGNED at Houston, Texas, on July 31, 2006.

*[signature: Melinda Harmon]*

MELINDA HARMON
UNITED STATES DISTRICT JUDGE